IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
SEP 3 0 2016
Per_____
DEPUTY CLERK

| | | |
|---|---|---|
| ELSHAZALI GOW, | : | |
| Plaintiff | : | No. 3:15-CV-1801 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | |
| CAROLYN W. COLVIN, Acting | : | (Magistrate Judge Schwab) |
| Commissioner of Social Security, | : | |
| Defendant | : | |

## MEMORANDUM

### Background

On September 15, 2015, Plaintiff, Elshazali Gow, filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1). On November 27, 2015, Defendant filed an Answer and Transcript. (Docs. 9 and 10). On January 5, 2016, Plaintiff filed a brief in support. (Doc. 12). On February 5, 2016, Defendant filed a brief in opposition. (Doc. 16). On February 10, 2016, Plaintiff filed a reply brief. (Doc. 17). A Report and Recommendation ("R&R") was issued by United States Magistrate Judge Susan E. Schwab on September 12, 2016, recommending that the appeal be granted, the decision of the Commissioner be vacated, and the issue be remanded back to the Commissioner. (Doc. 18). On September 29, 2016, Defendant filed a letter

waiving the right to object to the R&R. (Doc. 19). Neither party has objected to the R&R, and it is now ripe for review. Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge

2

did not err in finding that substantial evidence does not support the administrative law judge's ("ALJ") decision that Plaintiff was not disabled. The Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled. (Doc. 18, pp. 8-12). The Magistrate Judge thoroughly reviews the medical records and the ALJ's decision, and ultimately determines that the ALJ's decision is not supported by substantial evidence "because [Plaintiff's] [medically determinable impairment] of CRPS (Type II) was not considered by the ALJ when he formulated his RFC assessment." (Id. at 18).

Neither party having objected to the Magistrate Judge's recommendations, and this Court having reviewed the R&R for clear error and having found none, Magistrate Judge Schwab's R&R will be adopted. As such, Plaintiff's appeal will be granted, the decision of the Commissioner will be vacated, and the matter will be remanded to the Commissioner for further proceedings.

A separate Order will be entered.

**Date:** September 30, 2016

/s/ William J. Nealon
**United States District Judge**